

ORDERED in the Southern District of Florida on October 15, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN THE MATTER OF:
PEDRO ALFONSO                                   CASE NO.: 13-16684-LMI
                                                CHAPTER: 13
Debtor,
_____/

### AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY JP MORGAN CHASE BANK., DE # 27

THIS CASE came to be heard on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property Held by JP MORGAN CHASE BANK,* (Docket Entry #27; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having been advised that the parties have reached an agreement, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of Debtors' real property (the "Real Property") located at 5741 SW 165 Court, Miami, Florida 33193, more particularly described as:

**Legal Description: Lot 8 of BLOCK 2, Of Homestar Landings, According to the Plate Thereof, as Recorded in Plat book 163, Page 92 of the Public Records of Miami-Dade County, Florida**

is $271,140.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of JP Morgan Chase Bank (the "Lender") is $335,738.36.

C. The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Lender has an allowed secured claim of $0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded October 5, 2006, in Book 24976 on Pages 0599-604 (6 pages) in the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender has filed Proof of Claim 6-1 in this case. It shall be classified as a secured claim in the amount stated in paragraph two (2) above, and as a general unsecured claim in the amount of $111,775.73, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the

debtor receives a discharge in this chapter 13 case.

###

Submitted By:
RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.